IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNAUTHORIZED PRACTICE<br>OF LAW COMMITTEE | §<br>§<br>§ | |
| V. | § | A-15-CV-623-SS |
| | § | |
| JAMES LEE THOMPSON | §<br>§ | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court are: James Lee Thompson's Motion to Proceed without the Payment of Costs (Dkt. No. 2); Thompson's Motion for Permission to Electronically File (Dkt. No. 3); Thompson's Motion for Protective Order (Dkt. No. 4); and the Unauthorized Practice of Law Committee's Motion to Remand and for Sanctions (Dkt. No. 9).

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

After receiving numerous complaints concerning the unauthorized practice of law by James Lee Thompson a/k/a Jim Thompson a/k/a Gunny Thompson a/k/a African American Legal Defense Group ("Thompson"), on March 21, 2011, the Unauthorized Practice of Law Committee ("Committee") filed suit in state court in Harris County, Texas, against Thompson individually, and d/b/a African American Defense League, accusing Thompson of the unauthorized practice of law on multiple occasions. *See Unauthorized Practice of Law Committee v. Thompson*, No. 988, 308 (Co. Ct.

at Law No. 4, Harris County, Tex. Mar. 21, 2011). Because Thompson failed to appear and answer, on July 8, 2011, the court entered a Default Judgment and Permanent Injunction against Thompson prohibiting him from engaging in certain specified activities that constitute the unauthorized practice of law. *See* Permanent Injunction (Exh. A to Dkt. No. 9).

Despite entry of the Permanent Injunction, the Committee continued to receive complaints alleging that Thompson was still engaging in the unauthorized practice of law. Therefore, on December 12, 2012, the Committee filed a Contempt Proceeding in the state court that originally issued the Permanent Injunction against Thompson, seeking to hold Thompson in contempt for violating the Permanent Injunction by continuing to engage in the unauthorized practice of law. Exh. C to Dkt. No. 9. Instead of responding to the Contempt Proceeding, Thompson filed his first Notice of Removal seeking to have the Contempt Proceeding removed to the Southern District of Texas, Houston Division. Notice of Removal in 4:13-cv-00311(Exh. E to Dkt. No. 9). On March 8, 2013, the District Court for the Southern District of Texas, Houston Division, granted the Committee's Motion to Remand and remanded the case to state court. Exh. G to Dkt. No. 9.

After the case was remanded, the Committee filed a Motion to Hold Defendant in Contempt for Violation of Permanent Injunction, Motion to Show Cause, and Motion to Enforce Permanent Injunction. Exh. I to Dkt. No. 9. After Thompson failed to appear at the Show Cause Hearing, the state court signed an Amended Order of Attachment holding Thompson in contempt of court for failing to comply with the court's Order to Show Cause, ordering that an Order of Attachment be issued for Thompson to appear before the court on August 5, 2015, and setting an appearance bond in the amount of $1,000. Rather than appear at the Show Cause Hearing, on July 27, 2015, Thompson filed his second Notice of Removal removing the case to this Court pursuant to 28 U.S.C. § 1441(a), alleging

that the Contempt Proceeding includes claims arising under the First, Fourth and Fourteenth Amendments to the United States Constitution. In response, the Committee filed the instant Motion to Remand and for Sanctions requesting that the Court remand the case to state court and sanction Thompson for the improper removal.

## II.  ANALYSIS

A.   **Motion for In Forma Pauperis**

On the same day he removed this case to Federal Court, Thompson filed a Motion to Proceed *In forma Pauperis*. Dkt. No. 2.  Because Thompson failed to submit a financial affidavit in support of his Motion for *In Forma Pauperis,* on July 29, 2015, the Court ordered Thompson to complete a financial affidavit in full and file it with the Court by August 10, 2015.  See Dkt. No. 7.  Thompson failed to comply with the Court's order and has failed to pay the required filing fee in this case. Accordingly, Thompson's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) and Motion for Permission to Electronically File (Dkt. No. 3) are **DENIED**.

B.   **Motion to Remand**

The Committee argues that this case should be remanded to state court because (1)Thompson failed to file his Notice of Removal within the 30-day time limit contained in 28 U.S.C. § 1446(b)(1); (2) Thompson failed to file the Notice of Removal in the proper United States District Court as is required by 28 U.S.C. § 1446(a); and (3) removal was improper because the underlying Contempt Proceeding does not contain a federal cause of action.  The Court agrees.

28 U.S.C. § 1446(b)(1) requires that a notice of removal to be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1).

Thompson was served with the Contempt Proceeding on January 3, 2013. Exh. D to Dkt. No. 9. However, Thompson did not file the instant Notice of Removal until July 27, 2015, more than two years after the statutory deadline. Accordingly, removal in this case was improper. *See Medina v. JIK Cayman Bay Exchange LLC*, 2014 WL 923962, at *8 (N.D. Tex. 2014) ("Defendants' subsequent removal of this suit to federal court more than 30 days after service was improper and this case should therefore be remanded to state court").

Thompson's Notice of Removal is also improper because it was not filed in the United States District Court where the underlying state court action is pending. A defendant desiring to remove a state court action to federal court must "file in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a); *see also,* 28 U.S.C. § 1441(a) (providing that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the *district and division* embracing the place where such action is pending.") (emphasis added). The underlying Contempt Proceeding in this case is pending in Harris County, Texas, which is located in the Southern District of Texas. Thompson incorrectly filed the Notice of Removal in the Western District of Texas.

Thompson's removal is also improper because once a case is remanded to state court, a defendant is precluded "from a second removal *on the same ground.*" *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996) (citing *St. Paul &C. Ry. Co. v. McLean*, 108 U.S. 212, 216-17 (1883)) (emphasis in original). "The prohibition against removal "on the same ground" does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." *Id.* Thus, a second removal is

permitted only when a new pleading or event provides a new factual basis for removal. *Id*. at 493-44. As noted, Thompson previously removed this Contempt Proceeding to the Southern District of Texas, which promptly remanded it to state court. Since the last remand of this action, no new pleading or event has changed the facts regarding the removableness of this case. Accordingly, Thompson's second removal is improper. *See Washington v. Riley,* 2014 WL 993515, at *3-5 (W.D. La. Mar. 13, 2104) (finding that removal was improper where case had been previously removed and remanded); *Caughran v. Strauss*, 1999 WL 33290610, at * 4 (W.D. Tex. Oct. 29, 1999) (same).

Based upon the foregoing, Thompson's removal of this case was clearly improper and it must be remanded to state court.

**C.    Sanctions**

Pursuant to 28 U.S.C. § 1447(c), the Committee requests that the Court sanction Thompson by awarding attorneys' fees in this case. Section 1447(c) provides that, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court "may award attorney's fees when the removing party lacks an objectively reasonable basis for removal." *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir.) (per curiam) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (holding that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal")), *cert. denied*, 562 U.S. 1044 (2010). The Supreme Court in *Martin* explained, "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford

defendants a right to remove as a general matter, when the statutory criteria are satisfied." 546 U.S. at 140.

As discussed above, there was no objectively reasonable basis for the removal of this case. Thompson's removal was untimely, filed in the wrong district, and filed after the case was previously remanded to state court by the Southern District of Texas. In addition, it appears that Thompson filed the Notice of Removal for the improper purpose of avoiding the contempt proceedings against him and specifically, the state court hearing set for August 5, 2015. Based upon the above-actions, the Court recommends that the District Court award the Committee its reasonable and necessary attorneys' fees and costs incurred in filing the instant Motion to Remand. The Court further recommends that the District Court bar Thompson from removing the underlying state court action to any federal district court.

### III. RECOMMENDATION

Based upon the foregoing, the Court **RECOMMENDS** that the District Court **GRANT** the Unauthorized Practice of Law Committee's Motion to Remand and for Sanctions (Dkt. No. 9) and **REMAND** this case to County Court of Law No. 4 of Harris County, Texas. The Court **FURTHER RECOMMENDS** that the District Court **DENY** Thompson's Motion for Protective Order (Dkt. No. 4). Lastly, the Court **RECOMMENDS** that the District Court **SANCTION** James Lee Thompson by (1) awarding the Unauthorized Practice of Law Committee's reasonable and necessary attorney's fees and costs incurred in filing the instant Motion to Remand and for Sanctions; and (2) barring Thompson from any further removals of the state court action to any federal district court.[1]

---

[1] The Committee must file an affidavit with the District Court detailing their attorneys' fees and costs before the District Court can issue an Order awarding such fees.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report, and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of August, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE